Samuel M. Gold, J.
Plaintiff moves pursuant to rules 103 and 109 of the Rules of Civil Practice, for an order striking out paragraphs Third to Seventh, inclusive, of the answer as sham, and dismissing the first counterclaim for insufficiency pursuant to rule 109, or, in the alternative, pursuant to rule 110, for an order dismissing the second counterclaim for insufficiency, or, in the alternative, upon the ground that it may not be interposed in this action, or, in the further alternative, pursuant to rule 103, striking out paragraph Eleventh of the second counterclaim as sham; pursuant to rules 103 and 109, striking out paragraphs Fourteenth through Seventeenth, inclusive, of the answer as sham, and dismissing the third counterclaim for insufficiency and, pursuant to rules 103 and 109, striking out paragraphs Eighteenth to Twenty-First inclusive, of the answer as sham, and dismissing the fourth counterclaim for insufficiency.
The allegations contained in the paragraphs of the first counterclaim to which objection is directed under rule 103 are not sham. The first counterclaim is, however, insufficient. The subject contract made May 2, 1960, and closed on August 31, 1960, involved the sale of a radio station to the defendant by a corporation of which the plaintiff was the president and controlling stockholder. The first counterclaim charges fraudulent inducement to enter into the contract. The alleged misrepresentations pertain to profitable operation. There is no allegation as to the value of the business purchased, or any other allegation from which it may be inferred that any legal damage flowed from the alleged misrepresentation. The relief sought under subdivision (A) of the notice of motion pertaining to rule 103, is denied, and pursuant to rule 109, is granted. The second counterclaim is also insufficient. Plaintiff as president of the seller is charged with breach of the contract and inducement of breach. The charge of inducement against an officer of the corporation is insufficient. The alleged breach is based on no obligation personally undertaken under the contract signed by the plaintiff as well as by the selling corporation. The relief requested pursuant to subdivision (0) of the notice of motion is granted.
The allegations of the paragraphs of the third counterclaim to which objection is raised under rule 103 are not sham. The claim, subject of that counterclaim, rests on an alleged independent agreement made by the plaintiff at the time of closing *564 between the seller and the defendant by which agreement it is alleged plaintiff did, for a valuable consideration, promise and agree with the defendant to cause the seller to pay the debts and accounts payable incurred by it as operator of the radio station, and to save defendant from harassment by collectors of such debts and accounts payable. The allegation of damage, however, is conclusory in the absence of any statement of ultimate facts with respect to any loss sustained by virtue of the claimed breach of that agreement. The relief sought under subdivision (F) of the notice of motion pursuant to rule 103, is denied, and pursuant to rule 109, is granted.
The fourth counterclaim is concerned with a further alleged independent agreement and it is conclusively shown by documentary proof that it is sham, and that the agreement was made with the defendant, not by the plaintiff, but by the seller. The relief sought under subdivision (H) of the notice of motion pursuant to rules 103 and 109, is granted. The relief sought in the alternative under the other subdivisions of the notice of motion not disposed of is not reached. Defendant will serve an amended answer within 10 days of service of a copy of this order, with notice of entry.